**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**No. 16-4788**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

        v.

BENJAMIN ERNEST JOHNSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Max O. Cogburn, Jr., District Judge.  (1:16-cr-00006-MOC-DLH-1)

Submitted:  September 26, 2017           Decided:  October 4, 2017

Before TRAXLER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Sandra Barrett, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Ernest Johnson pled guilty, pursuant to a plea agreement, to Count 2 of his 4-count indictment to enticing a minor to engage in criminal sexual activity ("sexting"), in violation of 18 U.S.C. § 2422(b) (2012). Johnson appeals his conviction and 204-month sentence with counsel raising four issues: (1) Johnson is actually innocent of the offense in the absence of a sufficient factual basis; (2) the Government manipulated Johnson's sentence by taking the case from state prosecutors; (3) the district court improperly calculated Johnson's sentence; and (4) Johnson's sentence is substantively unreasonable. The Government has filed a motion to dismiss the appeal. We affirm in part and dismiss in part.

We review de novo the validity of a waiver of appeal rights and collateral attack rights, and "will enforce the waiver if it is valid and the issue[s] appealed [are] within the scope of the waiver. A waiver must be knowing and voluntary. In the absence of extraordinary circumstances, a properly conducted [Federal] Rule [of Criminal Procedure] 11 colloquy establishes the validity of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016) (citations omitted). We note that the validity of waiver and Rule 11 hearing are uncontested. We grant the Government's motion to dismiss Claims 1, 3, and 4 because the record reveals that Johnson waived his right to appeal these claims in his plea agreement and these issues fall within the scope of the waiver. Johnson waived his appellate rights, except for claims of ineffective assistance of counsel or prosecutorial misconduct.

Regarding Claim 2, Johnson alleges that the federal government manipulated his sentence by the taking his case from state authorities. First, we note such claims are treated with skepticism. *See United States v. Jones*, 18 F.3d 1145, 1154 (4th Cir. 1994) ("We . . . note our skepticism as to whether the government could ever engage in conduct not outrageous enough so as to violate due process to an extent warranting dismissal of the government's prosecution, yet outrageous enough to offend due process to an extent warranting a downward departure with respect to a defendant's sentencing."). Next, Johnson does not claim that he was sentenced in a manner that could result in appellate relief. *See United States v. Thornsbury*, 670 F.3d 532, 539 & n.7 (4th Cir. 2012) (discussing when a court might refuse to enforce a waiver in certain fundamental areas, "such as challenges claiming a district court exceeded its authority, claiming that a sentence was based on a constitutionally impermissible factor such as race, or claiming a post-plea violation of the right to counsel"). Finally, we note, that Johnson admits in his brief that the state authorities asked federal prosecutors for assistance (Appellant's Br. at 14), so there is not even an inference of impropriety, much less prosecutorial misconduct.

Accordingly, we dismiss Claims, 1, 3, and 4, and affirm Johnson's judgment as his remaining claim is without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*